UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAM LYLE, JR., | No. 2:22-cv-1801 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| GARY REDMAN, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Amador County Jail, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on October 11, 2022 (ECF No. 1) is before the court for screening. For the reasons set forth below, the complaint's allegations fail to state a claim. Plaintiff will be granted leave to file an amended complaint.

**I.     In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration motion makes the showing required by 28 U.S.C. § 1915(a). The motion will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate

1

1 agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the
2 Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of
3 the preceding month's income credited to plaintiff's prison trust account. These payments will be
4 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
5 account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

6  **II.  Screening Requirement**

7    The court is required to screen complaints brought by prisoners seeking relief against a
8 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
9 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
12 A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
13 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
14 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal
15 theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical
16 inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.
17 Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
18    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
19 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
20 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a
21 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
22 sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts
23 alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it
24 rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In
25 reviewing a complaint under this standard, the court accepts as true the allegations of the
26 complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer
27 v. Rhodes, 416 U.S. 232, 236 (1974).
28 ////

2

### III.     Allegations in the Complaint

Plaintiff and other inmates are temporarily housed during lock downs in overfull, double maximum capacity cells for longer than four hours. (ECF No. 1 at 3, 4.) They are also placed in holding tanks in the booking floor area for up to eight hours with no access to water, toilets or water basins. (Id.) Plaintiff and other inmates are also denied grievances. (Id.) From these deprivations, plaintiff has suffered injuries to his state of mind. (Id.)

On September 7, 2022, plaintiff and another inmate asked to speak to a floor sergeant regarding an inmate with a communicable disease. (ECF No. 1 at 8.) Sergeant Holstan recorded the conversation even though he had assured them he was not doing so. (Id.) Then plaintiff personally witnessed the inmate with a communicable disease handling facility food without proper equipment (gloves, hair net, and facial hair) in violation of safety policies and guidelines. (Id.) This subjected plaintiff and others to a risk of a communicable disease. (Id.)

Defendants are Sheriff Gary Redman and Captain J. Martin. (ECF No. 1 at 2.) Plaintiff states he is bringing a class action suit. (Id.)

### IV.     Discussion

#### A.     Plaintiff cannot prosecute a class action.

Plaintiff, who proceeds pro se, can only bring claims for violations of his own rights, and cannot litigate claims on behalf of others, including as part of a class action suit. See Fed. R. Civ. P. 23(a)(4) (requiring that a class representative be able "to fairly and adequately protect the interests of the class"); Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (plaintiffs must assert their own rights not those of third parties); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (a lay person lacks authority to appear as an attorney for others). Plaintiff's privilege to appear in propria persona is personal to him. McShane, 366 F.2d at 288. Therefore, plaintiff lacks authority to prosecute claims for persons other than himself. Id.

#### B.     Plaintiff fails to state a claim regarding his conditions of confinement.

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). In order to state a claim under the Eighth Amendment, a prisoner must allege that,

3

objectively, he suffered a serious deprivation and, subjectively, prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Allegations of overcrowding, without additional facts, are insufficient to state a claim under the Eighth Amendment. See id. at 348. However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995). A prison official acts with deliberate indifference to a risk of harm when he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, though, the complaint does not contain any facts regarding the conduct of the defendants, Sheriff Gary Redman and Captain J. Martin. Under 42 U.S.C. § 1983, a plaintiff must demonstrate that each named defendant personally participated in the alleged deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations" or "knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

The complaint fails to state a claim because it lacks facts from which the court can infer that the named defendants "participated in or directed" the alleged violations or "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Liability cannot be imposed on the defendants for the alleged deprivations simply because they hold supervisory positions at the jail. Id.; Iqbal, 556 U.S. at 676-77.

## V.     Conclusion and Order

Plaintiff's complaint does not state any cognizable claims, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of constitutional rights. See Iqbal, 556 U.S. at 676-677.

Plaintiff is not obligated to file an amended complaint. In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity to file objections, and a district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

## VI.     Order

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

////

      3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

      4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

          a. An amended complaint curing the deficiencies identified in this order;

          b. A notice of election to stand on the complaint as filed; or

          c. A notice of voluntary dismissal.

      5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: June 6, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
lyle1801.scrn